### J. H. BENNETT et al. v. J. T. PLOTT.

(Filed 29 October, 1919.)

**Contracts—Breach—Counterclaim—Evidence Inadequate.**

> In this case the plaintiff sued to recover for services rendered under contract, and defendant set up a counterclaim for damages for plaintiff's breach thereof. *Held*, without discussion, the evidence of the counterclaim is too inadequate and uncertain to have submitted it to the jury, and judgment for plaintiff's demand was a proper one.

CIVIL ACTION, tried in Superior Court of ROCKINGHAM, before *Bryson, J.*, at June Term, 1919, upon the following issues:

"1. Is the defendant indebted to the plaintiff, and ·if so, in what amount? Answer: 'Yes; $445.50.'

"2. Are the plaintiffs indebted to the defendant, and if so, in what amount? Answer: 'No.'"

From the judgment rendered the defendant appealed.

*J. M. Sharp for plaintiffs.*
*W. R. Dalton for defendant.*

BROWN, J. This action was brought to recover for work done by the plaintiff for the defendant in South Carolina, the plaintiffs claiming that defendant owed them a balance for work done in the sum of $445.50. The defendant, answering, denied allegations of the plaintiffs, and set up a counterclaim for breach of contract in the sum of $2,000. There are three exceptions to the evidence which we have examined and find to be without merit. The fourth exception is as follows:

"4. That the court charged the jury as follows: 'As to the second issue, are the plaintiffs indebted to the defendant, and if so, in what amount? the court charges you that there is no evidence by which you could answer this issue in favor of the defendant, and instructs you, as a question of law, to answer that issue, "No." You will, therefore, concern yourselves with the answer to the first issue, applying to the evidence the rules of law I have given you.'"

The entire evidence discloses that the plaintiffs performed the work as alleged and were due the sum found, over and above all payments for the work and labor actually performed. We have examined the evidence upon which the alleged counterclaim is based, and are of opinion that it is entirely too inadequate and uncertain to justify his Honor in submitting the counterclaim to the jury, and we are of opinion that there is no necessity to discuss it.

No error.